# EXHIBIT B

| | |
|---|---|
| Ashley Vanderburg, as Personal Representative of the Estate of Michael Vanderburg, and on behalf of her minor children, Abigail Vanderburg, Elijah Vanderburg, Annabelle Vanderburg, <br><br> Plaintiffs, <br><br> vs. <br><br> Blazin Wings, Inc. <br><br> Defendant. | COMPLAINT <br><br> (JURY TRIAL DEMANDED) |

1. Plaintiffs are residents of Caldwell County, NC.

2. Plaintiff Ashley Vanderburg is the duly appointed Personal Representative of the Estate of Michael Vanderburg and is authorized to bring this action in all respects.

3. Ashley Vanderburg and Michael Vanderburg were married at the time of Michael Vanderburg's death on December 7, 2016.

4. Plaintiffs Abigal, Elijah and Annabelle Vanderburg are the surviving minor children of Ashley and Michael Vanderburg.

5. Defendant is a foreign corporation operating as a restaurant that sells alcohol in the State of North Carolina.

6. Michael Vanderburg was driving in his car with his three kids, Abigal, Elijah, and Annabelle, on State Road 2375 immediately before the accident described herein.

7. Carl was driving a truck on U.S. 70 headed in the direction of S.R. 2375 immediately before the accident.

8. Michael entered the intersection of S.R. 2375 and U.S. 70 in order to make a left turn onto U.S. 70.

9. The traffic control device at the intersection displayed a green light in the direction of Michael's travel indicating he had the right of way to proceed through the intersection.

10. Carl approached Michael from Michael's left.

11. The traffic control device at the intersection displayed a red light in the direction of Carl's travel indicating Carl did not have the right to proceed through the intersection.

12. Carl disobeyed the red light and entered the intersection.

13. Carl drove his ruck into the side of Michael's van.

14. The impact killed Michael and injured his three kids.

15. Prior to the wreck, Carl had been drinking alcohol at Defendant's place of business commonly known as Buffalo Wild Wings.

16. Defendant's manager, Kim Jenkins, admitted to the North Carolina State Highway Patrol that Carl had had too much to drink.

17. Carl was intoxicated at the time Defendant served him alcohol.

18. Carl was legally intoxicated from the ingestion of alcohol, in part from Defendant's restaurant, at the time of the wreck.

19. Defendant's service of alcohol to Carl was a proximate cause of Michael's death.

### First Claim for Relief by the Estate
### Negligence

20. Plaintiffs reallege and incorporate by reference paragraphs 1-19 in support of this claim.

21. Defendant is an Alcoholic Beverage Control (ABC) permitee who enjoys the privilege to sell alcohol to patrons.

22. ABC permitees, by statute, may not knowingly see alcohol to an intoxicated person.

23. Moreover, a restaurant may not serve alcohol to anyone the restaurant knew or should have known was intoxicated with knowledge that the consumer would likely thereafter drive.

24. Defendant served alcohol to Carl within the 2 hour period immediately prior to the accident.

25. Carl was intoxicated at the time Defendant served him with alcohol.

26. Carl knew or should have known that Carl was intoxicated at the time it served him with alcohol.

27. Defendant had reason to know at the time it served Carl with alcohol that Carl would likely thereafter drive a vehicle.

28. Carl did, in fact, operate a vehicle after leaving Defendant's place of business.

29. Carl caused the accident as alleged herein.

30. Defendant's actions as alleged in this claim for relief proximately caused Michael's death and Plaintiff's injuries, including:

   a. Expenses for care, treatment and hospitalization incident to the injury resulting in death;
   b. Compensation for Michael's pain and suffering;
   c. The reasonable funeral expenses to bury Michael;
   d. The present monetary value of Michael to the persons entitled to receive the damages recovered, including but not limited to compensation for the loss of the reasonably expected:
      i. Net income of the decedent,
      ii. Services, protection, care and assistance of the decedent, whether voluntary or obligatory, to the persons entitled to the damages recovered;
      iii. Society, companionship, comfort, guidance, kindly offices and advice of the decedent to the persons entitled to the damages recovered;

31. Defendant's negligence also proximately caused injuries to the minor children. Their injuries include past and future medical expense, past and future physical

pain and suffering, past and future mental anguish, past and future physical impairment, past and future physical disfigurement and permanent injury.

32. The minor children also assert a claim for negligence infliction of emotional distress as caused by Defendant's negligence.

WHEREFORE, Plaintiffs pray that:

1. They have and recover compensatory damages from Defendant in an amount in excess of $25,000.

2. The costs of this action be taxed to Defendants.

3. They have a trial by jury on all issues so triable.

4. They have such other and further relief as to the Court may seem just and proper.

This the 16 day of May, 2018.

Brett Dressler (N.C. Bar # 34516)
Plaintiff's Lawyer

Sellers, Ayers, Dortch & Lyons, P.A.
410 Cameron-Brown Building
301 South McDowell Street
Charlotte, North Carolina 28204-2686
Telephone: (704) 377-5050
Fax: (704) 927-2868
Email: bdressler@sellersayers.com

4